UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 2:17-CR-00044-DCLC-CRW |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL JUSTIN WHITE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Michael Justin White's *pro se* Motion for

Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) [Doc. 50]. The United States (the

"Government") responded in opposition [Doc. 52]. This matter is now ripe for resolution. For the

reasons stated herein, Defendant's Motion [Doc. 50] is **DENIED**.

**I.      BACKGROUND**

On February 20, 2018, Defendant pleaded guilty to one count of possession with intent to

distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and

(b)(1)(A), and one count of possession of a firearm in furtherance of a drug trafficking offense in

violation of 18 U.S.C. § 924(c)(1)(A), and on June 5, 2018, this Court sentenced Defendant to a

total term of 190 months' imprisonment [Doc. 40]. Defendant is currently housed at USP

Lewisburg, and his projected release date is June 26, 2031 [Doc. 52-1, pg. 3]. Defendant submitted

an administrative remedy request for compassionate release on September 25, 2022 [Doc. 50-4],

which the warden denied on October 7, 2022 [Doc. 52-2]. Defendant then filed the instant motion

seeking compassionate release [Doc. 50]. Defendant asserts his increased risk of serious illness or

death if he were to contract COVID-19 and his substantial rehabilitation during his incarceration

1

constitute extraordinary and compelling reasons for such release [Doc. 50, pgs. 3–13]. The

Government opposes Defendant's motion and argues that he does not meet the requirements for

compassionate release [Doc. 52].

## II. LEGAL STANDARD

"A district court may modify a defendant's sentence only as provided by statute." *United*

*States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009). The First Step Act of 2018, Pub. L. No. 115-

391, 132 Stat. 5194, amended 18 U.S.C. § 3582(c)(1)(A) to provide district courts with the

authority to modify a defendant's sentence and grant compassionate release

> upon motion of the Director of the Bureau of Prisons, or upon motion of the
> defendant after the defendant has fully exhausted all administrative rights to appeal
> a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the
> lapse of 30 days from the receipt of such a request by the warden of the defendant's
> facility, whichever is earlier, may reduce the term of imprisonment…after
> considering the factors set forth in section 3553(a) to the extent that they are
> applicable, if it finds that…extraordinary and compelling reasons warrant such a
> reduction…and that such a reduction is consistent with applicable policy statements
> issued by the Sentencing Commission…

18 U.S.C. § 3582(c)(1)(A).[1]

Pursuant to this amendment, district courts may consider motions for compassionate

release filed either by the Bureau of Prisons ("BOP") or by a defendant after the defendant has

"exhaust[ed] the BOP's administrative process" or "thirty days after the warden received the

compassionate release request—whichever is earlier." *United States v. Jones*, 980 F.3d 1098, 1105

(6th Cir. 2020). Exhaustion of the administrative remedies is a "mandatory condition" to

defendant-filed motions for compassionate release. *United States v. Alam*, 960 F.3d 831, 833 (6th

---

[1]     The statute includes a separate basis for compassionate release which requires, among other
prerequisites, that "the defendant is at least 70 years of age" and "has served at least 30 years in
prison," but this provision does not apply to Defendant, as he is 42 years old and has served less
than 6 years in the BOP. 18 U.S.C. § 3582(c)(1)(A)(ii).

Cir. 2020). However, because the administrative exhaustion requirement operates as a "claim-processing rule," it may be waived or forfeited by the Government. *Id.* at 833-34.

In addition to the procedural requirements, Section 3582(c)(1)(A) "has identified three substantive requirements for granting relief." *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020). The Court must: (1) find that "extraordinary and compelling reasons merit a sentence reduction"; (2) find "that the reduction is consistent with 'applicable' Sentencing Commission policy statements"; and (3) consider the factors in Section 3553(a), to the extent they apply. *Jones*, 980 F.3d at 1106 (quoting *Ruffin*, 978 F.3d at 1003-06). A motion for compassionate release may be denied when any of the three substantive requirements are not met. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). Additionally, the Sixth Circuit has clarified that when the defendant, rather than the BOP, files a motion for compassionate release, the Court "may skip step two of the [Section] 3582(c)(1)(A) inquiry" and has "full discretion to define 'extraordinary and compelling' without consulting the policy statement in [U.S.S.G.] § 1B1.13." *Jones*, 980 F.3d at 1111.

III. **ANALYSIS**

Although the Government does not dispute that Defendant has satisfied the procedural exhaustion requirement, it opposes Defendant's motion and asserts that he has failed to show that compassionate release would be consistent with the substantive requirements of Section 3582(c)(1)(A) [*Id.*]. The Court, in turn, will address the two substantive requirements for defendant-filed motions: (1) whether extraordinary and compelling reasons exist and (2) whether the applicable Section 3553(a) factors warrant a sentence reduction.

A. **Extraordinary and Compelling Reasons**

Defendant asserts two extraordinary and compelling reasons justify his release. First, he contends his medical issues put him at a heightened risk of severe illness or death if he were to contract COVID-19 [Doc. 50, pg. 4]. Second, he claims he has "demonstrated a truly extraordinary

3

level of rehabilitation" while incarcerated [Doc. 50, pg. 11]. As to Defendant's risk in the face of COVID-19, BOP medical records confirm that Defendant is overweight, has a history of drug abuse, and underwent treatment for hepatitis C [Doc. 53, pg. 83]. Nonetheless, "a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction" unless the defendant is "'unable to receive or benefit from a vaccine.'" *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) (quoting *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021)).

Defendant received both doses of the Moderna vaccine in 2021, but refused the booster shot in 2022, along with various other immunizations such as hepatitis A and B, influenza, and MMR [Doc. 53, pg. 90]. Despite his refusal to receive the COVID-19 booster, there is no indication that Defendant could not still receive that vaccine or would not benefit from it or the other two doses he received. Thus, any risks Defendant faces due to COVID-19 do not constitute extraordinary and compelling reasons for compassionate release. Defendant's rehabilitative efforts likewise do not constitute extraordinary and compelling reasons for release. *See* 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."). Participation in programs offered by the BOP and avoiding disciplinary infractions is "behavior expected of federal prisoners[.]" *United States v. Hymes*, 19 F.4th 928, 934 (6th Cir. 2021). Even if the Court were to consider Defendant's behavior as an extraordinary and compelling reason for compassionate release, BOP records indicate his behavior has been anything less than model. Defendant has been sanctioned a total of nine times for incidents occurring between December 28, 2018 and January 17, 2021 [Doc. 52-3]. Based on the foregoing, Defendant has failed to demonstrate any extraordinary and compelling reason which would warrant a sentence reduction.

4

### B. Applicable § 3553(a) Factors

Even if the foregoing qualified as extraordinary and compelling reasons for compassionate release, the Section 3553(a) factors do not support a sentence reduction. *Jones*, 980 F.3d at 1102 (affirming decision to deny motion for compassionate release where "the district court found for the sake of argument that an extraordinary and compelling circumstance existed in [defendant's] case but that the § 3553(a) factors counseled against granting compassionate release"). Defendant possessed more than 100 grams of crystal methamphetamine, which he intended to distribute, along with a loaded semi-automatic pistol for protection while committing that offense [Doc. 32, ¶ 13]. Congress has mandated a sentence of no less than 180 months for this combination of offenses. *See* 21 U.S.C. § 841(b)(1)(A) (mandatory minimum of 10 years); 18 U.S.C. § 924(c)(1)(A)(i) (consecutive mandatory minimum of 5 years). Based on the foregoing and after consideration of the applicable Section 3553(a) factors, the Court sentenced Defendant at the bottom of the guideline range to a total term of imprisonment of 190 months [Doc. 40, pg. 2].

To date, Defendant has served approximately 69 months—only a fraction of both the sentence imposed and the minimum sentence mandated by Congress. *United States v. Kimball*, 988 F.3d 945, 947 (6th Cir. 2021) (holding that "the amount of time served is relevant to several § 3553(a) factors."); *see also Ruffin*, 978 F.3d at 1008–09 (affirming denial of release for defendant who served less than half of his sentence). Defendant also has an extensive criminal history, including theft, drug, and violent offenses [Doc. 32, ¶¶ 33–53]. This pattern of criminal activity appears to have continued during Defendant's time in BOP custody, considering the sanctions imposed for multiple disciplinary infractions, including destruction of property, refusing to work, and using or possessing drugs or alcohol [Doc. 52-3, pgs. 1–4]. Unsurprisingly, the BOP has classified Defendant at a high level for risk of recidivism [Doc. 50-3].

5

Based on Defendant's criminal history, the offenses underlying his current term of imprisonment, his conduct while in the custody of the BOP, and the time served to date, a sentence reduction is not warranted under the Section 3553(a) factors. Given the minimum sentence mandated by Congress for the underlying offenses, releasing Defendant any time soon would certainly create "unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). Moreover, Defendant's pattern of criminal activity, both while in and out of custody, indicate a need to promote respect for the law, to provide just punishment, to afford adequate deterrence, and to protect the public. § 3553(a)(2)(A)–(C). In sum, Defendant's conduct has displayed consistent disrespect for authority and an absolute inability to conform to the most basic of norms. Thus, each of the applicable Section 3553(a) factors lead to the conclusion that a reduction of Defendant's sentence is not appropriate.

## IV. CONCLUSION

Accordingly, for the reasons stated herein, Defendant's *pro se* Motion for Compassionate Release [Doc. 50] is **DENIED**.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge